**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LONDON**
**CRIMINAL ACTION NO. 08-68-GFVT-JGW-1**
**CIVIL ACTION NO. 15-7392-GFVT-JGW**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**

**LESTER NAPIER**                                                     **DEFENDANT**

### REPORT AND RECOMMENDATION

On March 2, 2015, defendant Lester Napier's pro se motion to vacate pursuant to 28 U.S.C. § 2255 was filed by the Clerk of Court.[1] Doc. 49. Having reviewed the record and applicable law, the Court concludes that the motion should be denied without the United States being required to file a response.

In November 2008, defendant agreed to plead guilty to two marijuana-related offenses and to being a felon in possession of a firearm. Doc. 29. Under the terms of section eight of the plea agreement, defendant "waive[d] the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution." *Id.* at p. 3. In February 2009 defendant was sentenced to a total of ninety-six months' imprisonment. Doc. 41. Defendant did not take a direct appeal and did not file the pending § 2255 motion until February 2015.[2]

Defendant's only discernible argument is that his attorney was ineffective for permitting

---

1 The motion states that it was signed by defendant on February 1, 2015 (doc. 49, p. 6) but the attached supporting memorandum states that it was signed by defendant on February 25, 2015. Doc. 49-2, p. 6.  Though it is immaterial to the outcome of this report and recommendation, the Court will construe the 2255 motion as having been filed on February 25, 2015.
2 Defendant also filed a motion for retroactive application of sentencing guidelines in July 2014.  Doc. 48.  That motion is pending before Judge Van Tatenhove.

1

defendant to enter into a plea agreement which contained the aforementioned waiver clause. According to defendant, the existence of the waiver clause caused counsel to have an inherent conflict of interest.

Section eight of the plea agreement's prohibition on filing post-conviction motions normally would be enforced in full. *See, e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir.2001) . . . ."). However, "Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding*, 2008 WL 4073393, at *20 (E.D. Ky. Aug. 29, 2008). Indeed, the Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). As Magistrate Judge Atkins has explained: "in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree*, 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010). The waiver clause's broad language notwithstanding, therefore, defendant retained the right to raise post-conviction claims of ineffective assistance of counsel directly and inextricably related to the guilty plea.

The lone claim raised by defendant is inextricably linked to the guilty plea and, consequently, is likely not barred by the waiver clause. Regardless, defendant is not entitled to

2

relief because he waited roughly six years from his 2009 sentencing to file his §2255 motion. 28 U.S.C. §2255(f) generally affords a defendant one year from the date his conviction becomes final to seek relief. Therefore, defendant's §2255 motion is facially untimely.

Alternately, §2255's one year time period may begin from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f). Defendant has not cited a United States Supreme Court case recognizing a new, retroactive right nor has he shown that the facts supporting his claim could not have been discovered earlier with the exercise of due diligence. Instead, defendant argues he is entitled to relief because he filed his motion within a year of the issuance of the Kentucky Supreme Court's decision in *United States ex rel. United States Attorneys for the Eastern and Western Districts of Kentucky v. Kentucky Bar Ass'n,* 439 S.W.3d 136 (Ky. 2014).

However, that decision cannot save an otherwise untimely §2255 motion because the decision was not made by the United States Supreme Court. In addition, the Kentucky Supreme Court's opinion only holds at its core that it is improper under Kentucky legal ethics rules for attorneys to insert into plea agreements clauses whereby defendants waive the right to assert ineffective assistance of counsel claims. The decision interprets Kentucky's legal ethics rules and does not afford federal criminal defendants any substantive relief or force this federal court to invalidate retroactively defendant's otherwise valid plea agreement. To the contrary, the Sixth Circuit has held that a defendant may properly enter into a plea agreement which contains a

clause waiving the defendant's right to bring ineffective assistance of counsel claims, provided that the defendant does so knowingly and voluntarily. *See, e.g., Davila v. United States*, 258 F.3d 448 (6th Cir. 2001). The transcript of defendant's rearraignment hearing amply demonstrates that he knowingly and voluntarily waived his right to bring a collateral attack.[3] Therefore, the §2255 motion should be denied as having been untimely filed.

---

[3] Defendant's argument that the waiver clause was never mentioned or explained to him stands in stark contrast to the transcript of the rearraignment hearing. First, during rearraignment the United States orally summarized the waiver clause. *See* Doc. 50, p. 17 ("In paragraph 8, the defendant has also waived the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution."). Second, later during rearraignment the following colloquy occurred:
> THE COURT: Okay. I want to talk about appeal. In your plea agreement at paragraph 8, you've waived some appeal rights; you've given them away. It says, "The defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution." Do you recall that provision in your plea agreement?
> THE DEFENDANT: Yeah.
> THE COURT: Did you talk to your lawyer about it?
> THE DEFENDANT: Uh-huh (affirmatively).
> THE COURT: Did he explain the consequence of waiving those appeal rights?
> THE DEFENDANT: Yeah.
> THE COURT: Okay. Now, the one thing you've retained is your right to appeal a sentence. So when we get to sentencing, if you don't like my sentence and your lawyer thinks there's grounds for appeal, you could appeal any sentence that I impose. Do you understand that?
> THE DEFENDANT: Yeah.
> THE COURT: Mr. Payne [defense counsel], do you think your client understands the consequence of waiving those particular appeal rights?
> MR. PAYNE: He does, Your Honor.
> THE COURT: Well, based upon the representations of counsel, the responses provided by the defendant, I do find that the waiver of appeal and collateral attack as to the conviction, guilty plea, and any order of restitution is knowing and voluntary, and the defendant understands the consequences of that waiver.

*Id.* at p. 28-29. Finally, defendant later answered in the affirmative when asked by the Court if he had "understood everything that took place today[,]" and negatively when asked by the Court if he had "[a]ny questions . . . ." *Id.* at p. 34.

### III. Conclusion

For the foregoing reasons, defendant's 28 U.S.C. §2255 motion (doc. 49) should be **denied** without the United States being required to file a response.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 9th day of March, 2015.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge