UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA     Plaintiff,  V.  LESTER NAPIER     Defendant. | ) ) )  Criminal No. 6:08-cr-00068 )  Civil No. 6:15-cv-07392-GFVT ) ) )  ORDER ) ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lester Napier filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255 on March 2, 2015. R. 49. Consistent with local practice, this matter was referred to Magistrate Judge J Gregory Wehrman for initial screening and recommendation. Magistrate Judge Wehrman reviewed the record and filed his Report and Recommendation that the motion be denied. R. 51. Defendant filed his objections (R. 52), and the United States responded to those objections. R. 57.

In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which he deemed problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007), quoting *Smith v. Crater*, No. 96-3335, 997 WL 415309 at \*2 (6th Cir. July 18, 1997). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

I.    PROCEDURAL HISTORY

Defendant Napier pled guilty to Conspiracy to Manufacture 100 or More Plants of Marijuana, Manufacturing 100 or More Plants of Marijuana, and Convicted Felon in Possession of a Firearm. R. 26. On March 2, 2009, he was sentenced to imprisonment for 96 months and 8 years' supervised release. R. 29, Plea Agreement; R. 41, Judgment. In his Plea Agreement and in the colloquy in open court, Defendant waived his right to appeal and the right to collaterally attack his guilty plea, conviction and sentence, including any order of restitution. R. 41; Plea Agreement at ¶ 8. He did not appeal.

Six years later on March 2, 2015, Defendant filed his 28 U.S.C. § 2255 motion to vacate his sentence, alleging his attorney was ineffective for permitting him to enter into a plea agreement that contained a waiver clause. R. 49. Defendant argued that a plea agreement containing a waiver clause is a conflict of interest and deprived him of counsel's duty of loyalty. *Id.* at 4. Defendant states he did not bring this claim earlier because it did not exist until the Kentucky Supreme Court's decision in *United States Attorneys for the Eastern and Western Districts of Kentucky .v. Kentucky Bar Association*, 439 S.W.3d 136 (Ky. 2014). *Id.* at 5.

Magistrate Judge Wehrman recommended denial of the motion because it was not filed within the one-year period of limitation in 28 U.S.C. § 2255(f). R. 51 at 3. He also found that Defendant's reliance on the 2014 Kentucky Supreme Court case was misplaced, as it involved Kentucky ethics rules and did not provide any substantive relief for federal criminal defendants. *Id.* Additionally, the Sixth Circuit has upheld a plea agreement containing a waiver clause, provided the plea was entered knowingly and voluntarily. *Id.* at 4. The Magistrate Judge found

that the transcript of the Defendant's rearraignment hearing "amply demonstrates that he knowingly and voluntarily waived his right to bring a collateral attack." *Id.*

Defendant objects to the Report and Recommendation on the new ground that § 2255(f)(4) would excuse his untimely filing of the motion. R 52 at 1. That subsection extends the one-year statute of limitations to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(f)(4). He further argues that a U. S. Department of Justice policy dated October 14, 2014 precludes prosecutors from enforcing collateral attack waivers. *Id.* at 2. Finally, he argues that he obeyed counsel's directions and falsely stated to the Court that he understood the proceedings related to his plea agreement, when he actually did not. *Id.* at 2-3.

## II.  ARGUMENT

### A.  Standard for Relief Under 28 U.S.C. § 2255

To prevail, a defendant must establish that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006). Any alleged deficiencies in counsel's performance must be prejudicial to the Defendant to constitute ineffective assistance under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). To have a conviction overturned based on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was so defective that he/she was not functioning as counsel as guaranteed under the Sixth Amendment; and (2) prejudice resulted from the defective performance. *Id.* at 688.

The analysis of counsel's performance focusses on whether counsel's assistance was reasonable considering the totality of the circumstances. *Id.* Significantly, defense counsel's competence is presumed, and the defendant must rebut that presumption by proving, not simply alleging, that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Cobb v. Perini*, 832 F.2d 342, 347 (6th Cir. 1987)

### B. Defendant's § 2255 Motion is Untimely

Magistrate Wehrman correctly concluded that Defendant's motion is untimely. R. 51 at 3. Generally, a defendant must file a § 2255 motion within one year after the date his conviction becomes final. 28 U.S.C. § 2255(f). Defendant Napier waited six years after his conviction became final to file this motion.

In his Motion, Defendant attempted to excuse his delay by arguing that his claim "was not present" until a 2014 decision of the Kentucky Supreme Court. R. 49 at 5. Magistrate Wehrman explained why this decision had no bearing whatsoever on his federal statutory period of limitations. R. 51 at 3. Defendant made no objection to that analysis. Instead, he raised a new argument that subsection (f)(4) should be applicable. R. 52 at 1. He contends that the Department of Justice policy is a "new fact" that could not have been discovered earlier. R. 52 at 1. He further contends that the limitation period is not jurisdictional under *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013).

First, the Department of Justice policy does not render prior waivers of collateral attack invalid. In *Demello v. United States*, No. 14-14106, 2015 WL 4663934 (11th Cir. Aug. 7, 2015) the court said: "When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes

4

the defendant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)." In the present case, as in *Demello*, the district court specifically questioned the defendant about the collateral-attack waiver and told him he was waiving his right to both a direct appeal and an indirect appeal in a post-conviction proceeding. Each defendant affirmed that he understood the terms of the waiver, had agreed to those terms, and stated that he had no questions about the plea agreement. *Demello;* R. 50 at 17, 28-29, 34. Additionally, the *Demello* court held that the new policy (Deputy Attorney General James M. Cole's October 14, 2014 policy statement) "does not prohibit prosecutors from seeking to enforce a collateral-attack waiver." Accordingly, the Magistrate Judge correctly recommended that the motion to vacate be denied based on the Defendant's knowing and voluntary waiver of his right to bring a collateral attack.

Second, Defendant's reliance on *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013), is misplaced. There, the court applied equitable tolling because Estremera showed extraordinary circumstances beyond his control that prevented the timely filing of the motion. Estremera asked his attorney to file a § 2255 petition, and the attorney did not. That fact was not discovered until eight months after the filing deadline. *Id.* at 775-776. By contrast, Defendant Napier has not offered any factual basis of circumstances beyond his control or not discoverable that would excuse his six-year delay in filing his motion. To the contrary, Napier said in open court that he knew the plea agreement had a waiver of the right to appeal and the right to attack collaterally the guilty plea and conviction. R. 50 at 28-29. He said he discussed the waiver with his lawyer, who explained the consequence of waiving those rights. *Id.* The relevant facts were all available to him on November 6, 2008, when he entered his plea. R. 26, 50.

C.     **Napier's Plea Was Knowing and Voluntary**

A defendant may "waive constitutional or statutory rights then in existence as well as those that courts may recognized in the future." *United States v.* Bradley, 400 F.3d 459, 463 (6th Cir. 2005). A defendant may waive the right to bring a collateral attack under § 2255. *United States v. Fleming*, 239 F.3d 761, 762-64 (6th Cir. 2001). Magistrate Judge Wehrman correctly held that the transcript of Defendant's rearraignment demonstrates that he knowingly and voluntarily waived his right to bring a collateral attack. R. 51 at 4. A defendant is bound by his statements in response to the court's inquiry. *Baker v. United States* 781 F.2d 85, 90 (6th Cir. 1986). More specifically, a "movant is bound by his testimony under oath at the plea hearing if the trial court scrupulously followed the procedures under Rule 11." *McAdoo v. Elo*, 365 F.3d 487, 496 (6th Cir. 2004). The transcript shows that Rule 11 was scrupulously followed in this case. R. 50. Accordingly, the waiver is valid.

D.     **Napier Has Failed To Demonstrate That Counsel Was Ineffective**

Defendant argues generally that his counsel was ineffective for failing to investigate his firearm possession conviction. He provides no factual basis for this claim. By failing to develop any argument, the Defendant waived his claim. *United States v. Fekete*, 535 F.3d 471, 482 (6th Cir. 2008) (undeveloped arguments are deemed waived); *Coleman v. Shoney's Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (pro se litigants must advance issues "with some effort at developed argumentation").

Additionally, counsel's competence is presumed. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). The defendant must rebut that presumption by proving that counsel's representation was unreasonable under prevailing professional norms. *Id.* Here, Napier makes only a bare allegation that counsel was ineffective, which is not sufficient to overcome the presumption in

counsel's favor. *See Belloso-Ibarra v. United States*, No. 09 Civ. 8216, 2010 WL 431904 at *3 (S.D. N.Y. 2010) (A federal habeas petition may be dismissed if it contains only vague or conclusory allegations.).

### E. New Claims Not Presented to the Magistrate Judge Are Waived

For the first time in his Objections to the Magistrate Judge's Report, Napier raises a claim of actual innocence, saying he did not possess the firearm seized and did not reside at the location where the gun was found. He also raises for the first time a claim that he did not enter his plea knowingly and voluntarily. R. 52 at 2-3. Even assuming Napier had presented a valid argument for these claims, they were waived by not presenting them to the Magistrate Judge in the original motion. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments of issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Accordingly, these claims fail.

### III. CONCLUSION

1. Defendant Napier's Objections to the Magistrate Judge's Report and Recommendation (R. 52) are **OVERRULED;**

2. The Magistrate Judge's Report and Recommendation (R. 51) is **ADOPTED AND INCORPORATED BY REFERENCE** herein; and

3.      Final Judgment shall be filed contemporaneously with this Opinion.

This January 4, 2016.

Gregory F. Van Tatenhove
United States District Judge