UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:08-cr-68-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| LESTER NAPIER, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 74] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Lester Napier, is charged with one violation of his supervised release: committing "another federal, state, or local crime" by "operating a motor vehicle under the influence of alcohol/drugs-aggravated," as laid out in the Supervised Release Violation Report prepared by the United States Probate Office. [R. 74 at 1-2.] Judgment was entered against Defendant on February 26, 2009, for "one count of conspiracy to manufacture (grow and produce) 100 or more marijuana plants, one count of manufacturing 100 or more marijuana plants, and one count of being a felon in possession of a firearm." [*Id.* at 1, R. 41.] Defendant was sentenced to a term of imprisonment for ninety-six months on each count, to run concurrently, followed by eight years of supervised release. [R. 74 at 1, R. 41 at 2-3.] Defendant served his term of imprisonment and began his supervised release on July 24, 2015. [R. 74 at 1.]

The current offense stems from Defendant's arrest on February 25, 2017, for the

"operation of a motor vehicle while under the influence of alcohol/drugs-aggravated and… other traffic offenses" that occurred in Clay County, Kentucky, which is a breach of the terms of his supervised release. [*Id.* at 1-2.] Defendant was found passed out in the driver's seat of his vehicle, which was parked outside of his relative's residence and obstructing part of the road, by the local police. [*Id.* at 2.] During questioning by the police, Defendant admitted to having taken a Norco (hydrocodone) tablet[1], but he refused to submit himself for a blood test as "the officer was rough with him, and he had blood drawn by his physician days before." [*Id.*] Defendant failed a field sobriety test, which Defendant claimed was due to his poor physical health condition not allowing him to stand or walk, and provided a non-committal answer when asked if he had a firearm in the vehicle, which led to a search of the front-seat. [*Id.*] No firearm was discovered, but Defendant was subsequently detained and held by the arresting officer for the operation of a motor vehicle while under the influence, a Grade C violation. [*Id.*]

Defendant reported his arrest to the United States Probation Office on March, 20, 2017, as directed, and a subsequent Supervised Release Violation Report was issued on April 5, 2017. [*Id.* at 1-2.] An initial appearance was held on April 18, 2017, pursuant to Rule 32.1 of the Federal Rule of Civil Procedure, at which Defendant gave a "knowing, voluntary, and intelligent waiver of the right to a preliminary hearing." [*Id.* at 3, R. 66.] The United States made an oral motion for interim detention, which Defendant opposed. [*Id.*] Defendant failed to satisfy the burden under § 3143(a) and was remanded to the custody of the United States Marshal to await the final hearing. [*Id.*]

---

[1] The Uniform Citation prepared by the arresting officer indicates that Defendant had "orange pill residue in his nose" while Defendant admits only to having orally ingested the Norco tablet. [R. 74 at 2.]

Judge Ingram conducted a final hearing on July 6, 2017, during which Defendant Napier competently stipulated to the charged violation, but disputed the Government's recommended sentence. [R. 73, R. 74 at 3.] On March 21, 2017, Judge Ingram issued a Recommended Disposition which recommended revocation of Napier's term of supervised release and a term of incarceration for nine (9) months followed by re-imposition of the remainder of the original eight-year period of supervised release, set to expire on July 23, 2023. [R. 74 at 8.] Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and particularly noted Defendant's troubling history of crime and substance abuse, the danger he poses to himself and others when he is using drugs, and the disturbing matter of Napier's violation of the Court's trust in this instance. [*Id.* at 6-8.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 8-9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed and Defendant Napier submitted a waiver of allocution. [R. 75.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

3

1.     The Recommended Disposition [**R. 74**] as to Defendant Lester Napier is **ADOPTED** as and for the Opinion of the Court;

2.     Defendant Napier is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3.     Napier's Supervised Release is **REVOKED**;

4.     Napier is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **nine (9) months** followed by the re-imposition of the remainder of his original eight-year period of supervised release, set to expire on July 23, 2023;

5.     The Defendant's term of supervised release shall be imposed under the conditions previously identified at Docket Entry 41.

This the 7th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge

4